Bradshaw & Barnett, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and B. W. Simmons, Asst. Atty. Gen., for the State.

180 So. 109

### RILEY v. STATE.

8 Div. 554.

Court of Appeals of Alabama.

Feb. 22, 1938.

Rehearing Denied March 8, 1938.

BRICKEN, Presiding Judge.

The indictment, upon which appellant was tried and convicted, reads as follows: "The grand jury of said county charge that before the finding of this indictment Wiley Riley, whose name is to the grand jury otherwise unknown, was a vagrant against the peace and dignity of the State of Alabama."

The foregoing indictment follows the form laid down in the Code, and for this reason, whether advisedly or not, has been held sufficient to charge the offense of "vagrancy" which is defined under section 5571 of the Code 1923, and consists of 13 subdivisions predicated upon sundry and divers acts declared to be unlawful

by said statute. We, perforce, must adhere to and follow former decisions of the appellate courts of this state, notwithstanding the law requires, section 4529 Code 1923, that an indictment must state facts constituting the offense in ordinary and concise language, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court on conviction to pronounce the proper judgment.

In the instant case, the court, after hearing the evidence, limited the prosecution to definitions 1, 2, and 4, of section 5571, Code 1923, and excluded from the consideration of the jury the other 10 definitions contained in said section. By this action of the court the accusations upon which the defendant was to be tried were: "(1) Any person who wanders or strolls about in idleness, or lives in idleness, who is able to work and has no property sufficient for his support, is by law a vagrant. (2) Any person who leads an idle, immoral, or profligate life, who has no property sufficient for his support, and who is able to work and does not work, is by law a vagrant. (4) Any person who unlawfully sells, trades or barters any spirituous, vinous, or malt liquors, or other intoxicating liquors, is by law a vagrant."

At the request of defendant the court gave special written charges B and C. These two charges were the affirmative charges in favor of defendant as to above enumerated accusations 1 and 2. This action of the court operated as a restriction of all charges against the accused except as to accusation designated above as 4, which, as will be noted, charged that the defendant, "unlawfully *sold, traded* or *bartered,* spirituous, vinous, or malt liquors or other intoxicating liquors." As to this the sole and remaining accusation the defendant requested the general affirmative charge upon the grounds there was no evidence adduced upon the trial to sustain it. The court refused this charge, and also the further charge A.

We are of the opinion the charge should have been given. There was no evidence in this case that the defendant *sold, traded,* or *bartered* any spirituous or other designated inhibited liquors. In the absence of any proof to sustain this charge, the court as a matter of law should have so instructed the jury, and the action of the court in refusing to do so when requested in writing by the defendant was error to a reversal.

Upon the trial there were numerous objections and exceptions to the court's rulings on the admission of evidence, some of which arose from the manner in which the solicitor examined the state's witnesses, by propounding manifestly leading questions, etc., but from what has been said it is unnecessary to deal with the matters specifically.

For the error indicated the judgment of conviction, from which this appeal was taken, is reversed and the cause remanded.

Reversed and remanded.